## IDA F. YOUNG *vs.* EZRA T. McINTIRE.

Suffolk.   January 25, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Construction of Statute — Jurisdiction.*

The St. of 1887, c. 332, § 1, which provides that the Superior Court shall have exclusive original jurisdiction of all causes of divorce and marriage, including all powers as to alimony, the custody of children, or otherwise, theretofore exercised by the Supreme Judicial Court, does not confer upon the Superior Court jurisdiction of cases arising under the Pub. Sts. c. 146, § 30, which provides that if, after a divorce decreed in another State or country, minor children of the marriage are here, the Supreme Judicial Court may make like decrees as to their care, custody, education, and maintenance as if the divorce had been decreed in this Commonwealth.

LATHROP, J.   The only question which arises in this case is whether, since the St. of 1887, c. 332, § 1, a petition under the Pub. Sts. c. 146, § 30, should be brought in this court or in the Superior Court.

By the Pub. Sts. c. 146, § 6, and c. 150, § 5, the Supreme Judicial Court had exclusive jurisdiction of libels for divorce.   By § 29 power was given the court, upon a decree of divorce, or upon petition at any time after such decree, to make a decree concerning the care, custody, and maintenance of the minor children of the parties.   Section 30 is as follows : " After a divorce decreed in another State or country, if minor children of the marriage are inhabitants of this Commonwealth, the Supreme Judicial Court on the petition of either parent or of a next friend in behalf of the children, such notice being given to both parents as the court may direct, may make like decrees concerning their care, custody, education, and maintenance, as if the divorce had been decreed in this Commonwealth."

The St. of 1887, c. 332, § 1, provides that " The Superior Court shall have exclusive original jurisdiction of all causes of divorce and nullity or validity of marriage, and in such proceedings shall have all powers as to alimony, the custody of children or otherwise, which the Supreme Judicial Court has heretofore had and exercised."

Unless the Superior Court has, under this section, jurisdiction of cases arising under the Pub. Sts. c. 146, § 30, no jurisdiction of such cases has been conferred upon it; and we are of opinion that the words "in such proceedings," in the St. of 1887, c. 332, § 1, necessarily limit the original jurisdiction of the Superior Court over petitions for the custody of children to those cases where they have jurisdiction of the cause of divorce, or of nullity or validity of marriage; and that the jurisdiction given to the Supreme Judicial Court by § 30 of the Pub. Sts. c. 146, still remains in this court.

It follows that the petition should have been dismissed.

*So ordered.*

*A. C. Fall*, for the petitioner.
*W. L. Bouvé*, for the respondent.